KAREN L. LOEFFLER
United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
Email: joe.bottini@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:10-cr-00108-01-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| vs. | ) | |
| | ) | |
| DAMIEN M. MINGARELLI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and submits this memorandum for the Imposition of Sentence Hearing scheduled for January 27, 2012, in the above-captioned matter.

//

I. **<u>INTRODUCTION</u>**

The United States has reviewed the Final Presentence Report ("PSR") and agrees that the advisory United States Sentencing Guidelines (the "Guidelines") calculation set forth therein are accurate.[1] The PSR calculates defendant Mingarelli's Final Offense Level at Level 35. With a Criminal History Category of III, the resulting range of imprisonment set forth in the PSR is 210 to 240 months.

Given the facts of this case, and applying the factors set forth at 18 U.S.C. Section 3553(a), the United States Probation Office (USPO) has recommended that Mingarelli be sentenced to a term of 96 months imprisonment, to be followed by a 3 year period of supervised release.

Having reviewed the presentence report, the United States concurs in this recommendation, and requests that Mr. Mingarelli be sentenced to **96 months in custody**.

---

[1] The government would note that the U.S.S.G. offense level arrived at in this presentence report is the product of a different formula than that used by the U.S. Probation Office to calculate the offense levels in a related case - *United States v. Justin Standefer and Lucas DeWeese*, Case No. 4:10-cr-00007-RRB. The result of the different method of computing the offense level in this case has resulted in a somewhat higher offense level score. However, the government does not dispute that the computation method used in this case *is* a valid way of calculating the offense level. Nevertheless, the government has taken this into consideration - - in other words, the difference in the offense level calculations in each of these cases - in fashioning it's sentencing recommendation as to Mr. Mingarelli.

## II. A SENTENCE OF 96 MONTHS IS APPROPRIATE IN THIS CASE

Following his plea of guilty, Mingarelli stands convicted of one count of Conspiracy to Launder the Proceeds of Unlawful Distribution of Controlled Substances, in violation of 18 U.S.C. § 1956(h). As part of his plea, the defendant admitted that in a relatively short time frame (roughly 5 months) he, and others, received approximately $146,427.36 in funds representing the proceeds of the unlawful distribution of Oxycontin.

The government is satisfied that a sentence of **96 months** - which it recognizes is well below the recommended guideline range of 210 - 240 months - is sufficient in this case, and that it is appropriate to satisfy the sentencing criteria set out at 18 U.S.C. Section 3553(a).[2]

### Title 18 U.S.C. § 3553(a) Sentencing Factors

Title 18 U.S.C. § 3553(a) sets forth the factors the Court must consider when determining the sentence to impose. The Court shall impose a sentence

---

[2] As discussed in further detail herein, the government *does* consider this offense to be a serious one meriting significant punishment. However, it also recognizes that there are competing 3553(a) factors here - including the relative youth of this defendant and what appears to be a recent effort by Mr. Mingarelli to turn his life around.

sufficient, but not greater than necessary, to comply with the purposes behind these factors. Thus, the Court must consider the following factors:

    (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)  the need for the sentence imposed;

        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)  to afford adequate deterrence to criminal conduct;

        (C)  to protect the public from further crimes of the defendant; and

        (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)  the kinds of sentences available;

    (4)  the kinds of sentence and the sentencing range established in the advisory guidelines;

    (5)  any pertinent policy statement;

    (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)  the need to provide restitution to any victims of the offense.

Case 3:10-cr-00108-RRB    Document 79    Filed 01/20/12    Page 4 of 7

Based upon the nature of the defendant's involvement and role in the instant offense, and based on the nature of his criminal history, the United States submits that a significant term of imprisonment is necessary to satisfy the sentencing criteria set forth in 18 U.S.C. § 3553(a). Mingarelli was the primary supplier of a significant amount of Oxycontin pills which were distributed in Fairbanks within a relatively short window of time (early December, 2008 to late April, 2009). In that same time frame, Mingarelli, and others on his behalf, had in excess of $146,000 returned to them - with that money representing the proceeds of the sales of the pills. So, to say the least, this is a serious offense, and the defendant occupied a key role in it.[3]

It is also troubling that Mr. Mingarelli had so many prior brushes with the law - and still didn't get it - before he engaged in this offense. As a result of his multiple prior convictions, he presents at sentencing as a Criminal History Category III defendant.

---

[3] The unlawful distribution of prescription medications has reached near epidemic proportions in parts of this district - including Fairbanks. This court is no doubt aware of that from other similar cases. The court is also no doubt aware of the destructive results that addiction to these prescription pain killing medications brings. A significant period of time in custody is needed in this case - to reflect the seriousness of this offense and to send a message of deterence to the defendant and others.

On the other hand, Mr. Mingarelli, who is still relatively young, appears to have "grown up" somewhat since the inception of this case. He is a new father, it does not appear that he has re-offended or failed to comply with conditions of his continued release, and he has taken responsibility for his actions in this case.

Balancing all of that out, the government has to agree that the sentence recommended by the USPO in this case is reasonable and fair. Accordingly, the United States adopts that recommendation and requests that the defendant be sentenced to 96 months in custody.

//

//

//

//

//

//

//

//

//

//

//

## III. SENTENCING RECOMMENDATION

In summary, the United States recommends that the defendant be sentenced as follows:

**(1)   A period of incarceration of 96 months;**

**(2)   No fine is requested due to the defendant's inability to pay the same;**

**(3)   Restitution is not an issue in this case;**

**(4)   A three (3) year period of supervised release; and**

**(5)   A required special assessment in the amount of $100.00**.

RESPECTFULLY SUBMITTED this 20th day of January, 2012, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Joseph W. Bottini
JOSEPH W. BOTTINI
Assistant United States Attorney
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2012, a true and correct
copy of the foregoing was served electronically on:

Robert S. John, Esq.

s/ Joseph W. Bottini
Office of the U.S. Attorney

U.S. v. Mingarelli
3:10-cr-00108-01-RRB                    Page 7 of 7